**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

vs.                                                             Case No.: 8:15-CR-371-T-23JSS

LEODAN RICARDO CAICEDO QUINONES
_____/

### DEFENDANT'S SENTENCING MEMORANDUM

**COMES NOW**, the Defendant, Leodan Ricardo Caicedo Quinones, by and through his undersigned counsel, respectfully requests a sentence of 120 months in the Bureau of Prisons pursuant to Section 18 U.S.C. §3553(a)(1)-(7) and USSG §3B1.2 (Mitigating Role), and as grounds in support thereof, Mr. Quinones states as follows:

1. On November 12, 2015, the Defendant pled guilty with a plea agreement with the Government to Count One of the Indictment, Conspiracy to Possess With Intent to Distribute 5 Kilograms or more of Cocaine while on board a vessel subject to the jurisdiction of the United States.

2. The Defendant is set for sentencing before this Court on February 9, 2016, at 8:30 am.

3. The Defendant is subject to the 120 month minimum mandatory sentence unless a §5K1.1 Motion is filed in his case by the Government.

4. The United State Probation Office has calculated the Defendant's advisory guideline range to be (Level 33, Criminal History I) at 135 - 168 months of imprisonment. (PSR ¶ 63)

5. After a full and careful review of the facts of this case, the history and characteristics of the Defendant, as well as the Defendant's role in this case, the Defendant asserts a fair and reasonable sentence is 120 months in the bureau of prisons.

### 18 U.S.C. §3553

The Defendant asserts a sentence of 120 months in the bureau of prisons (the minimum mandatory sentence) is sufficient but not greater than necessary to comply with the purposes of sentencing pursuant to §3553. The facts and or factors that support this sentence for the Defendant are:

1. As the United States Probation Office identified in the Pre-Sentence Investigative Report (PSR ¶ 77), the Defendant's difficult and impoverished upbringing in Colombia is a significant factor that warrants a sentence outside the advisory guideline range.

2. The Defendant is 34 years old and was born and raised in a small village in Colombia where he was raised by his parents.  (PSR ¶ 36)

3. The Defendant was 1 of 10 children and they were very poor, they had no running water, they only had electricity at their "home" from 6 pm until 11 pm, and most importantly they struggled to have enough food to eat. (PSR ¶ 36)

4. These factors/realties had a profound impact on the Defendant when he was a small boy and adolescent as he struggled daily with just having the basic necessities to survive.

5. The realities he lived under, at no fault of his own, made him desperate and determined to try and improve his life and that of his close knit family.  He was not seeking a glamorous life, but rather just a life worth living.

6. Currently, the Defendant's father (age 70) cannot work because of a heart condition (PSR ¶ 38).  Similarly his mother (age 60) cannot work either because she hurt her back (PSR ¶ 39.)

7. The Defendant's brothers and sisters struggle to work and earn enough money to survive by being fishermen, farmers, or doing odds and ends jobs. (PSR ¶ 40-48)

8. The Defendant has worked his entire life as a fisherman or plantain farmer.  (PSR ¶ 59) He began working as a small boy and has worked his entire life.  He never had a real childhood, rather he worked and survived.

9. Sadly, but not uncommon, the Defendant never attended any school but for one single month when he was 13 years old.  This is because his parents were unable to afford paying for his education. During the one month he was in school he was so sad as he saw all the other things the other children had and that he had absolutely nothing. (PSR ¶ 57)

10.  Not only did the Defendant receive no formal education of any kind, but he cannot even read or write in Spanish. (PSR ¶ 57)   He is truly so limited in what he knows, what he can do, and where he can work.  The Defendant is eager to learn Spanish and English so he can communicate and better understand the world around him.  He also is interested in learning any vocational training that may be available in the BOP. (PSR ¶ 58)

11.  The Defendant is not married and has no children, but he has been in a committed 8 year long term relationship with his love Laura.  Sadly, Laura suffers from seizures and cannot work. (PSR ¶ 49)

12. In the instant case, the Defendant was approached to be involved with this drug smuggling venture and he accepted the offer.  He took the money he was given and immediately gave it to his mother so it could be used to support the entire family while his parents were sick and unable to work and earn money to live.  The Defendant's decision was out of desperation to help his family members who were in dire need of money.  The Defendant understands what he did was wrong, and criminal, and he is remorseful for his participation in this offense. (PSR ¶ 16)

13. The Defendant was not the captain of this boat nor was he the mechanic. He was a simple mariner. He was not in charge and he had absolutely no decision making authority. The defendant did exactly as he was told and he followed all orders. He provided no role that was integral to this smuggling venture being successful.

## **MEMORANDUM OF LAW**

In *United States v. Booker,* 125 S. Ct. 738 (2005) the United States Supreme Court rendered the United States Sentencing Guidelines to be "effectively advisory." *Booker,* 125 S. Ct. at 756. Pursuant to *Booker*, sentencing courts are required to consider a defendant's Guideline range, but may "tailor the sentence in light of other statutory concerns as well." *Id*. (*citing* 18 U.S.C. § 3553(a)).

In effect, federal district courts must consider the seven factors set forth by Section 3553(a) in determining a sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) [the applicable Sentencing Guidelines];

(5) any pertinent [Sentencing Guidelines] policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victim of the offense.

*See* 18 U.S.C. § 3553(a).

Section 3553(a) embodies the "parsimony principle," which requires a district court to "assign a sentence sufficient, but not greater than necessary to comply with the purpose of

sentencing" set forth in Section 3553(a)(2). *United States v. Lacy*, 99 F. Supp. 369, 378 (E.D.N.Y. 1994) ("parsimony" is a "key provision" of Section 3553(a)), *vacated on other grounds*, *United States v. DeRiggi*, 45 F.#d 713 (2d Cir. 1995); *see also generally* ABA STANDARDS OF CRIMINAL JUSTICE §18-2.4 (sentences "imposed, taking into account the gravity of the offense, should be no more than necessary to achieve the social purposes for which they are authorized").

Sentencing under Section 3553(a) therefore requires the Court to start with the minimum sentence permissible and add only so much additional punishment, if any, as necessary to comply with the purposes of Section 3553(a).

### **Mitigating Role  USSG §3B1.2**

The Defendant asserts that his conduct in this offense, qualifies him for a 2 level downward adjustment as a minor participant in this case pursuant to USSG §3B1.2 (b).  The facts that support the Defendant's position are:

1. The Defendant was not the captain of the boat.
2. The Defendant was not the mechanic.
3. The Defendant was not the leader or organizer of the boat trip.
4. The Defendant had no decision making authority of any kind, including no decision making powers over any of the other crew members.
5. Additionally, he had no decision making powers over where the boat was going, how it would get there, who they were meeting up with, and he was not personally in communication via the satellite phone with the higher members of the conspiracy.

6. The Defendant didn't pick the crew members, didn't place the cocaine in the boat, didn't arrange a buyer or a price for the cocaine, and didn't decide when the drug trip would commence or how it would commence.

7. Rather, the Defendant simply showed up as instructed, was on board the boat with the cocaine as it set out to sea, and was following all orders of the captain.

## MEMORANDUM OF LAW

In 2015 the USSC amended the Mitigating Role guideline in the Federal Sentencing Guideline Manual. In the Highlights of the 2015 Amendments section of the 2015 Manual (page xvii), it states "A Commission study of this guideline led it to conclude that 'mitigating role is applied inconsistently and more sparingly than the Commission intended." The Commission therefore amended this guideline to "provide additional guidance to sentencing courts in determining whether a mitigating role adjustment applies."

In applying U.S.S.G. §3B1.2 MITIGATING ROLE adjustment, the Guidelines state as follows:

> **Based on the defendant's role in the offense, decrease the offense level as follows:**
> **a)    If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.**
> **b)    If the defendant was a minor participant in any criminal activity, decrease by 2 levels.**
> **In cases falling between (a) and (b), decrease by 3 levels.**

Application Note 3(A) discusses the applicability of the Mitigating Role adjustment for a "Substantially Less Culpable than Average Participant". Specifically, this section provides a

range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity.

In the 2015 Sentencing Guideline, the USSC amended Application Note 3 to add a non-exhaustive list of factors the court should consider in determining if a mitigating role adjustment applies, and if so, which adjustment (2, 3 or 4 levels).  These factors are:

*(i)     The degree to which the defendant understood the scope and structure of the criminal activity;*

*(ii)    The degree to which the defendant participated in the planning or organizing the criminal activity;*

*(iii)   The degree to which the defendant exercised decision-making authority or influenced the exercise of decision making authority;*

*(iv)    The nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;*

*(v)     The degree to which the defendant stood to benefit from the criminal activity.*

*For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.*

*The fact that a defendant performs an essential or indispensible role in the criminal activity is not determinative. Such a defendant may receive and adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.*

In the Defendant's case, he did not know or understand the scope or structure of the criminal activity. The Defendant did not participate in the planning or organizing of the criminal activity. The Defendant exercised no decision making authority nor did he influence the exercise of any decision making authority. The Defendant played a very limited and basic role in the criminal activity. He was simply a mariner following all of the Captain's orders. The Defendant had no discretion in his actions, he simply had to do what he was told. The Defendant was paid a flat rate for his participation in the criminal activity, he had no ownership rights to the cocaine and would not share in its profits. The Defendant had no proprietary interests in the cocaine as it was not his. Rather he was paid to perform a task. In contrast, the ship's Captain was in charge, had decision making authority, directed the boat to a certain location, was in communication with the higher ups in the criminal activity via the satellite phone, he was responsible for the cargo, etc. As such, the Defendant is clearly less culpable than the captain (Co-Defendant Vallecilla) and meets the requirements of the 2 level minor role adjustment. The Defendant is also less culpable than the ship's mechanic (Co-Defendant Obando) who was the only person onboard the ship who was able to fix or repair the boat's engines if a mechanical problem arose. The mechanic possessed specific skills, knowledge, and expertise which gave him the ability to repair the engines if needed. The Defendant did not possess these specific skills, knowledge, or expertise as he was a simple mariner.

## **ARGUMENT**

The Defendant is a 34 year old man who is going to be sentenced to a long prison sentence. In this case, the Defendant made an absolutely terrible decision to participate in this

criminal activity.  The Defendant knows his actions were illegal and that he needs to be punished.   However, the Defendant's history and characteristics warrant a sentence below the advisory guideline range.

The Defendant has virtually no education (but for one month of school his whole life) of any kind and instead he has had to work in the fishing and farming industries in Colombia his entire life.  The Defendant is an extremely hard worker and has worked consecutively since he was a small boy.  The Defendant was taught at a young age to work hard and provide for his family.  This has resulted in him working and supporting his long term girlfriend, his siblings, and his parents.  Life in Colombia is very hard, and finding steady paying work is even harder.

The Defendant's attempt to economically support his family was clearly the wrong choice and it has backfired and made things far worse for all.  Of course, in hindsight, the Defendant would trade any and all of the money he made in this case to be poorer but back home with his family.

The Defendant's time in the Bureau of Prisons will be more punishing and difficult than for most prisoners.  Since the Defendant is not a US Citizen, he will not be eligible for early release into a halfway house.  Rather he will have to stay in prison longer than a similarly situated US Citizen imprisoned for the exact same offense.  Next, since the Defendant's family including his parents and all of his siblings live in Colombia, they will not be able to visit him or see him throughout the duration of his prison sentence.  This makes his service of sentence even tougher than it already will be.  He will be isolated and alone.  Further, since the Defendant does not speak English he will likely not be eligible for some prison work programs which could help him earn some money for his family and equally importantly make his prison term more productive and go by faster.

The Defendant also was a minor participant pursuant to §3B1.2 since he was just a simple mariner on the boat along with the Captain and Mechanic (2 Co-Defendants). The Defendant was not the leader or organizer of the boat trip, he had no decision making authority, he did not communicate with the higher ups in the conspiracy via the satellite phone while onboard the boat, he didn't own the cocaine or have any proprietary interest in the boat or the cocaine, and he didn't decide when the trip would commence or how it would commence. Rather he showed up on the boat as instructed to be a simple mariner on the boat.

For these above mentioned factors and reasons, and others that will be discussed at the Defendant's sentencing hearing, the Defendant feels a sentence of 120 months in prison, which is below the advisory guideline range is fair, just, and reasonable in this case.

**WHEREFORE**, the Defendant respectfully requests this Honorable Court find that the Defendant should be sentenced below the advisory guideline range pursuant to Section 18 U.S.C. §3553; and finally,

**WHEREFORE**, the Defendant respectfully requests this Honorable Court find that the Defendant should receive a 2 level Minor Role downward adjustment,

**WHEREFORE**, the Defendant respectfully asks the Court to recommend he serve his BOP prison sentence at the Coleman prison facility.

                                              **RESPECTFULLY SUBMITTED**

                                              _____s/ Andrew Shein_____
                                              Andrew Shein, Esq.
                                              FLBar #0145734
                                              Attorney for Defendant
                                              **The Law Offices of Andrew Shein, P.A.**
                                              3605 West Azeele Street

Tampa, FL  33609
(813) 877-4357
(813) 877-4356 (fax)
E-mail:  sheinlaw@hotmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on   February 3, 2016   , I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

James Zoll
Office of the United States Attorney
400 North Tampa Street, Suite 3200
Tampa, Florida 33602, and


  s/ Andrew Shein
Andrew Shein, Esq.
FLBar #0145734
Attorney for Defendant
**The Law Offices of Andrew Shein, P.A.**
3605 West Azeele Street
Tampa, FL  33609
(813) 877-4357
(813) 877-4356 (fax)
E-mail:  sheinlaw@hotmail.com